UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10986 NG

ULYSSES RODRIGUEZ CHARLES,
    Plaintiff,

v.

CITY OF BOSTON, et. al.,
    Defendants.

### DEFENDANT CITY OF BOSTON'S[1] ANSWER TO THE PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES AND JURY DEMAND

NOW COMES the City of Boston, Defendant in the above-entitled action (hereinafter, 'the City'), and hereby answers the Complaint of the Plaintiff, as follows:

### INTRODUCTION

1. Defendant City of Boston admits that the convictions were vacated and charges dismissed on May 17, 2001. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph one of the Complaint.

2. Defendant City of Boston states that paragraph two is a legal conclusion, and therefore no response is required. To the extent paragraph two requires an answer, it is denied.

3. Defendant City of Boston states that paragraph three is a legal conclusion, and therefore no response is required. To the extent paragraph two requires an answer, it is denied.

4. Paragraph four contains a statement of relief sought by the Plaintiff, and therefore no response is required. To the extent an answer is required, it is denied.

### JURISDICTION AND VENUE

5. Defendant City of Boston states that paragraph five contains the Plaintiff's statement of jurisdiction, and therefore requires no response.

---

[1] In addition to serving the City of Boston, Plaintiff served the Boston Police Department. As the Boston Police Department is not a separate entity from the City of Boston, but instead a department of the City, no answer will be filed for the Boston Police Department. See Curran v. City of Boston, 777 F. Supp. 116, 120 (D. Mass. 1991).

1

6.     Defendant City of Boston states that paragraph six contains the Plaintiff's statement of venue, and therefore requires no response.

## PARTIES

7.     Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seven of the Complaint.

8.     Defendant City of Boston admits the allegations contained in paragraph eight of the Complaint.

9.     Defendant City of Boston admits that Defendant was a member of the Boston Police Department. The remaining allegations contained in Paragraph nine are legal statements not requiring a response.

10.     Defendant City of Boston admits that Defendant Keough was a member of the Boston Police Department. The remaining allegations contained in paragraph ten are legal statements not requiring a response.

11.     Defendant City of Boston admits that Defendant Rufo was a member of the Boston Police Department. The remaining allegations contained in paragraph eleven are legal statements not requiring a response.

12.     Defendant City of Boston admits that Defendant Hanley Johnson was a member of the Boston Police Department. The remaining allegations contained in paragraph twelve are legal statements not requiring a response.

13.     Defendant City of Boston admits that Defendant Bogdan was a senior criminalist working for the Boston Police Department's crime laboratory. The remaining allegations contained in paragraph thirteen are legal statements not requiring a response.

14.     Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fourteen of the Complaint.

15.     Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifteen of the Complaint.

16.     Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixteen of the Complaint.

17.     Defendant City of Boston admits the allegations contained in paragraph seventeen of the Complaint.

18. Defendant City of Boston admits the allegations contained in paragraph eighteen of the Complaint.

## JURY TRIAL DEMAND

19. Defendant City of Boston states that the statement contained in paragraph nineteen is a statement of Plaintiff's jury demand to which no response is required.

## FACTS

**The Crime**

20. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty of the Complaint.

21. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-one of the Complaint.

22. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-two of the Complaint.

23. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-three of the Complaint.

24. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-four of the Complaint.

**Prior Boston Police Encounters**

25. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-five of the Complaint.

26. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-six of the Complaint.

27. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-seven of the Complaint.

28. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-eight of the Complaint.

29. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-nine of the Complaint.

30. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty of the Complaint.

31. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-one of the Complaint.

32. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-two of the Complaint.

**The False Identification of Mr. Charles**

33. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-three of the Complaint.

34. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-four of the Complaint.

35. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-five of the Complaint.

36. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-six of the Complaint.

37. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-seven of the Complaint.

38. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-eight of the Complaint.

39. Defendant City of Boston admits that Mr. Charles was arrested. Answering further, Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph thirty-nine of the Complaint.

40. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty of the Complaint.

41. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-one of the Complaint.

42. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-two of the Complaint.

43. Defendant City of Boston states the criminal trial transcript speaks for itself. Defendant City of Boston admits that Rufo was alive in 1981. Answering further, Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph forty-three of the Complaint.

44. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-four of the Complaint.

45. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-five of the Complaint.

46. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-six of the Complaint.

47. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-seven of the Complaint.

48. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-eight of the Complaint.

49. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-nine of the Complaint.

50. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty of the Complaint.

51. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-one of the Complaint.

**The Forensic Investigation**

52. Defendant City of Boston state that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-two of the Complaint.

53. Defendant City of Boston state that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-three of the Complaint.

54. Defendant City of Boston state that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-four of the Complaint.

55. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-five of the Complaint.

56. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-six of the Complaint.

**Trial, Conviction, Incarceration and Exoneration**

57. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-seven of the Complaint.

58. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-eight of the Complaint.

59. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-nine of the Complaint.

60. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-one of the Complaint.

61. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-one of the Complaint.

62. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-one of the Complaint.

63. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-one of the Complaint.

64. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-one of the Complaint.

65. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-one of the Complaint.

66. Defendant City of Boston admits that the Suffolk County District Attorney's Office entered a nolle prosequi on May 17, 2001.  Answering further, Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph sixty-six of the Complaint.

**The City of Boston's Acquiescence to Police Misconduct**

67. Defendant City of Boston denies the allegations contained in paragraph sixty-seven of the Complaint.

68. Defendant City of Boston denies sentence one of paragraph sixty-eight of the Complaint. Answering further, Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph sixty-eight of the Complaint.

69. Defendant City of Boston denies sentence one of paragraph sixty-nine of the Complaint. The Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in sentences two and four of paragraph sixty-nine of the Complaint.  Sentence three of paragraph sixty-nine is an incomplete sentence, and therefore no response is required.  To the extent an answer is required, it is denied.

70. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph seventy of the Complaint.

71. Defendant City of Boston denies sentence one of paragraph seventy-one of the Complaint. Defendant City of Boston admits that in 1989 Marvin Mitchell was charged with rape, admits that he was exonerated, and admits that the Boston police officers were not disciplined. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph seventy-one of the Complaint.

72. Paragraph seventy-two contains a legal conclusion, and therefore no response is required. To the extent an answer is required, it is denied.

73. Paragraph seventy-three contains a legal conclusion, and therefore no response is required. To the extent an answer is required, it is denied.

74. Defendant City of Boston denies the allegations contained in paragraph seventy-four of the Complaint.

**The Suffolk County District Attorney's Failure to Property Train Staff**

75. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seventy-five of the Complaint.

**Damages**

76. Paragraph seventy-six contains a legal conclusion, and therefore no response is required. To the extent an answer is required, it is denied.

**CLAIMS**

**Count I – 42 U.S.C. § 1983**
**Claims against Defendant Keough, Rufo,**
**Hanley, Johnson, Mulligan, Zanini and Campo**
**For Unduly Suggestive Identification Procedures**

Defendant City of Boston does not answer the allegations contained in paragraphs seventy-seven through eighty-one of the Complaint, as said allegations are directed against another Defendant.

**Count II – 42 U.S.C. § 1983**
**Due Process Claims against Defendants Keough,**
**Bogdan and Campo For Failing to Disclose Evidence;**
**And For Fabricating Evidence, and Due Process**
**Claim Against Defendant Keough for Failure to Investigate**

Defendant City of Boston does not answer the allegations contained in paragraphs eighty-two through eighty-eight of the Complaint, as said allegations are directed against another Defendant.

### Count III – 42 U.S.C. § 1983
### Conspiracy

Defendant City of Boston does not answer the allegations contained in paragraphs eighty-nine through ninety-two of the Complaint, as said allegations are directed against another Defendant.

### Count IV – 42 U.S.C. § 1983
### Claims against Defendants Keough, Campo
### Bodgan and Hanley Johnson for Malicious Prosecution

Defendant City of Boston does not answer the allegations contained in paragraphs ninety-three through ninety-nine of the Complaint, as said allegations are directed against another Defendant.

### Count V – 42 U.S.C. § 1983
### Monell Claim against the City of Boston

100. Defendant City of Boston re-alleges and incorporates its answers to paragraphs one through ninety-nine of the Complaint as though fully set forth herein.

101. Defendant City of Boston denies the allegations contained in paragraph 101 of the Complaint.

102. Paragraph 102 contains a legal conclusion, and therefore no response is required. To the extent an answer is required, it is denied.

103. Paragraph 103 contains a legal conclusion, and therefore no response is required. To the extent an answer is required, it is denied.

### Count VI – 42 U.S.C. § 1983
### Supervisory Liability Claims against John Doe and Jane Doe,
### Supervisors in the Boston Police Department

Defendant City of Boston does not answer the allegations contained in paragraphs 104 through 106 of the Complaint, as said allegations are directed against another defendant.

### Count VII – 42 U.S.C. § 1983
### Monell Claims against Defendants Suffolk County
### And the Suffolk County District Attorney's Office
### For Failure to Train and Supervise Prosecutors

Defendant City of Boston does not answer the allegations contained in paragraphs 107 through 108 of the Complaint, as said allegations are directed against another defendant.

### Count VII – State Tort Law
### Claims against Defendants Keough, Mulligan, Rufo,
### Campo, Hanley Johnson, Bogdan and Zanini For Malicious Prosecution

Defendant City of Boston does not answer the allegations contained in paragraphs 109, 110, 111, and 110 of the Complaint, as said allegations are directed against another defendant.[2]

## CLAIMS FOR DAMAGES

111. Paragraph 111 contains a legal conclusion, and therefore no response is required. To the extent an answer is required, it is denied.

112. Paragraph 112 contains a legal conclusion, and therefore no response is required. To the extent an answer is required, it is denied.

113. Paragraph 113 contains a legal conclusion, and therefore no response is required. To the extent an answer is required, it is denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Defendant answering states that the injury or damage alleged in Plaintiff's Complaint was neither caused nor proximately caused by the Defendant City of Boston.

### Second Affirmative Defense

The Defendant answering says that the Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Third Affirmative Defense

The Defendant answering states that the injuries and damages alleged were caused by a person or entity over whom the Defendant City of Boston has no responsibility or control.

### Fourth Affirmative Defense

The Defendant answering states that the injuries and damages alleged were caused by the Plaintiff's own intentional conduct and not the conduct of the Defendant City of Boston.

---

[2] The paragraphs in the section are misnumbered.

Fifth Affirmative Defense

The Defendant answering states that the Plaintiff has not been deprived of any rights secured by either the Constitution or the laws of the United States or Commonwealth of Massachusetts.

Sixth Affirmative Defense

The Defendant answering states that the complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. §1983 because it fails to show any factual connection between alleged, unconstitutional custom, policy or practice of the City and the violation of the Plaintiff's constitutional rights.

Seventh Affirmative Defense

The Defendant answering states that at all times relevant hereto, the City of Boston acted in accordance with all relevant laws of the United States and the Commonwealth of Massachusetts.

Eighth Affirmative Defense

The Defendant, City of Boston, states that it is a municipality against which punitive damages may not be assessed.

<b>Jury Claim</b>

Defendant City of Boston hereby demands a trial by jury on all counts and causes of action.

> Respectfully submitted,
> DEFENDANT CITY OF BOSTON
> Merita A. Hopkins
> Corporation Counsel
>
> By its attorneys:
>
> /s/ Amy E. Ambarik
> Amy E. Ambarik, Esq., BBO# 637348
> Thomas R. Donohue, Esq., BBO# 643483
> Assistant Corporation Counsel
> City of Boston Law Department
> Room 615, City Hall
> Boston, MA 02201
> (617) 635-4099 (Ambarik)
> (617) 635-4039 (Donohue)