UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10986 NG

ULYSSES RODRIGUEZ CHARLES,
    Plaintiff,

v.

CITY OF BOSTON, et. al.,
    Defendants.

**MOTION FOR LEAVE TO AMEND ANSWERS TO PLAINTIFF'S COMPLAINT TO ADD AN AFFIRMATIVE DEFENSE BY DEFENDANTS STANLEY BOGDAN AND CITY OF BOSTON**

Pursuant to Fed. R. Civ. P. 15(a), Defendants Stanley Bogdan and the City of Boston ("Defendants") move this Honorable Court to amend their answers to Plaintiff's complaint. As reasons for this motion, the Defendants, state:

1. Plaintiff's complaint contains misstatements of fact regarding dates, which the Defendants learned about only after they filed their answers to the complaint.

2. These misstatements of dates directly impact the calculation of the statute of limitations involving the Defendants defenses and the Plaintiff's claims.

3. Not allowing this motion would reward the plaintiff for misstating facts in his complaint.

4. This case is not close to trial. In fact, the summary judgment deadline is not until April 3, 2006. Further, the fact discovery deadline does not end until December 30, 2005, and so far no depositions have been taken by any party. See Ex. A, District Court Docket, No. 30.

1

5. Plaintiff filed this action on May 17, 2004. See Ex. A, District Court Docket.

6. The complaint alleges that the Plaintiff's convictions were vacated and the charges against him dismissed on May 17, 2001. See Ex. B, Complaint, ¶ 2. Later, the complaint states "the Court vacated the convictions and sentence on May 14, 2001, and Suffolk County District Attorney's Office dismissed the indictment . . . on May 17, 2001, when Charles was released from its custody." See Ex. B, Complaint, ¶ 66.

7. Defendants Bogdan and the City of Boston relied upon Plaintiff's representations when each filed their answers to the complaint, on April 7, 2005, and October 15, 2004, respectively. See Ex. A, District Court Docket.

8. During the discovery period and subsequent to answering the complaint, the Defendants learned the Superior Court actually entered its order granting the Plaintiff a new trial date on May 11, 2001. Attorney Hrones was notified of the order on that same day. See Ex. C, Superior Court Docket, pg. 18; Ex. D, *Nolle Prosequi*. Thus, the Defendants learned that the complaint incorrectly misrepresents the date when the Superior Court vacated Plaintiff's convictions.

9. Relying on Plaintiff's complaint, Defendants Bogdan and the City did not include an affirmative statute of limitations defense in their answers to the complaint.

10. As a result, the Defendants have not had a chance to fairly and effectively answer Plaintiff's complaint.

11. The Defendants will be unfairly prejudiced by the misstatement of facts in the Plaintiff's complaint if they are not allowed to amend their answers, as each Defendant would have if the correct dates were known.

12. Pursuant to Fed. R. Civ. P. 15(a), "leave shall be freely given when justice so requires." Mass. R. Civ. P. 15(a).

13. Amendments under the rule are liberally granted, and some justification is required for a refusal. <u>Foman v. Davis</u>, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962).

14. The Defendants state that no undue delay or bad faith has played a role in the filing of this motion for leave. Defendants Bogdan and the City of Boston now seek to amend their complaints because they relied on misrepresentations of fact in the Plaintiff's complaint that they have only recently found to be incorrect.

15. In the absence of undue delay, bad faith or dilatory motive, and if prejudice will not otherwise result, leave to amend a pleading should be "freely given" when justice so requires. <u>Foman v. Davis</u>, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962); <u>See Also</u> <u>Gonzalez-Perez, et al v. Hospital Interamericano de Medicina Avanzada</u>, 355 F.3d 1, 5-6 (1st Cir. 2004).

16. The Plaintiff will not be unfairly prejudiced by granting this motion because it was the misrepresentations of his complaint that caused the Defendant's present need to amend their answers.

17. Further, this case is not close to trial.

18. Justice so requires leave to amend because the Defendants did not have an opportunity to address the Plaintiff's complaint as accurately pled.

19. The First Circuit has held that it was proper to allow the introduction of the statute of limitations defense, even on the eve of trial. <u>See In Re Cumberland Farms, Inc.</u>, 284 F.3d 216, 225-227 (1st Cir. 2002).

20. This Court (Mazzone, J.), allowed the defendants to amend their answer to include the statute of limitations defense where it was not originally pled, as the case was about to be assigned for trial. <u>See Hillier v. Lesch</u>, WL 13077 (D. Mass. 1986).

21. Defendants state that denying this motion would unfairly prejudice both Defendants Bogdan and the City, as they have not been afforded the opportunity to plead an affirmative defense otherwise available had the Plaintiff's complaint not misstated critical dates.

22. The Defendants attach their amended answers as Ex. E (Bogdan) and Ex. F (City of Boston).

WHEREFORE:  Defendants Stanley Bogdan and the City of Boston respectfully request that this Honorable Court allow its motion for leave to amend their answers to Plaintiff's complaint and add an affirmative defense.

        Respectfully submitted,
        DEFENDANT, STANLEY BOGDAN
        AND CITY OF BOSTON,
        Merita A. Hopkins
        Corporation Counsel
        By their attorney,

        /s/ Thomas R. Donohue
        Thomas R. Donohue BBO#643483
        Assistant Corporation Counsel
        City of Boston Law Department
        Room 615, City Hall
        Boston, MA 02201
        (617) 635-4039

Dated: August 19, 2005