COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
No. 035492-45
035181-84



COMMONWEALTH

v.

RODRIGUEZ U. CHARLES

---

NOLLE PROSEQUI

---

Now comes the Commonwealth in the above-captioned case and enters a nolle prosequi pursuant to Mass. R. Crim. 16(a). The Commonwealth states as follows the reasons in support thereof:

1. The defendant was convicted in 1983 of raping three women in an apartment in Brighton in December of 1980. He was identified by photograph and in person by two of the three women. The Supreme Judicial Court upheld the conviction on appeal and the first motion for new trial was denied in 1996.

2. Although the DNA test results may be exculpatory, they do not exonerate the defendant. Whether he committed these crimes, as the first jury determined beyond a reasonable doubt, will never be known with certainty. The absence of Charles' DNA does not mean he was not the rapist – as the facts presented at trial are otherwise convincing of his guilt.

CLERK/MAGISTRATE
JOHN A. NUCCI
FILED
01 MAY 17 AM 11:19
SUFFOLK COUNTY
FOR CRIMINAL BUSINESS
SUPERIOR COURT

3. The results of the DNA testing were possible because the District Attorney and Boston Police Department voluntarily preserved the few remaining pieces of cloth, from a sheet and bathrobe, that had DNA material on them, and made these available to for testing by Cellmark Laboratory.

4. The fact that defendant's DNA was not on the cloth was not an unexpected result, as defendant's blood type and that of the stains on the cloth were not the same, as the jury was told at the time of the trial in 1984. At trial an independent expert, as well as a technician from the Boston Police Crime Lab, did not detect any sperm on the cloth and the jury was advised of this fact, and information that the rapist had not ejaculated. The judge who decided the motion for new trial, however, felt that the information that sperm was present at the scene of the crime, and that it was multiple sources, but not the defendant, should be presented to a jury at a new trial.

5. The trial exhibits no longer exist.

6. Despite the impact which these crimes, and the overturning of the verdicts, had on the victims, two of the victims are willing to testify in a new trial, including the victim who identified defendant as her rapist by photograph, at a line up, and in court.

7. The third victim of these rapes, committed on December 8, 1980, is not able to participate in a retrial at this time.

8. In light of the difficulties inherent in retrying a case 17 years after the first verdict of guilt, and 20 years after the rapes, exacerbated by the lack of trial exhibits and the current unavailability of at least one witness, it is not in the interests of justice for the Commonwealth to further prosecute this case.

Respectfully submitted
For the Commonwealth.

RALPH C. MARTIN, II
DISTRICT ATTORNEY

By: *[signature]*
John P. Zanini
Legal Counsel
To the District Attorney
Assistant District Attorney
BBO# 563839

*[signature]*
Amanda Lovell
Assistant District Attorney
One Bulfinch Place
Boston, MA 02114
(617) 619-4000

Dated: May 16, 2001