UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10986 NG

ULYSSES RODRIGUEZ CHARLES,
    <u>Plaintiff</u>,

v.

CITY OF BOSTON, et. al.,
    <u>Defendants</u>.

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS STANLEY BOGDAN AND THE CITY OF BOSTON'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C)**</u>

The defendants Stanley Bogdan ("Bogdan") and the City of Boston ("the City") submit the following motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Even when viewing the facts in the light most favorable to the plaintiff, Ulysses Rodriguez Charles ("Charles"), judgment should enter for Bogdan and the City because counts II, III and V of the complaint are barred by the statute of limitations. The parties have stipulated to the facts set forth in section II below and, for the purposes of this motion only, Bogdan and the City accept the complaint's version of facts.

I.    <u>INTRODUCTION</u>

This lawsuit arises out of Charles's 1980 conviction for rape and other crimes. Charles alleges that he was imprisoned for nineteen years of an eighty year prison sentence for crimes

1

he did not commit. (Complaint ¶ 1). As a result, Charles now brings claims under 42 U.S.C. § 1983 against Bogdan, the City and others. In Count II of the complaint, a <u>Brady</u> claim against Bogdan, Charles alleges that Bogdan failed to disclose material information that was favorable to him. (Complaint, Count II, ¶ 84). In Count III, Charles alleges that Bogdan and other defendants acted in concert and took overt acts in furtherance of a conspiracy to violate his civil rights. (Complaint, Count III, ¶¶ 90 and 91). Finally, against the City, Charles brings a <u>Monell</u> claim essentially alleging that a City policy, custom or practice led to the violation of his constitutional rights. (Complaint, Count V - ¶¶ 100-103).

## II.   FACTS STIPULATED TO BY THE PARTIES

For the purposes of this motion the parties have stipulated to the following facts:[1]

1. On February 14, 1984, Ulysses Charles ("Charles") was convicted of aggravated rape and other crimes. Ex. 2-9.

2. On May 11, 2001, Charles was granted a new trial by the Suffolk Superior Court (Rouse, J.). Ex. 2-9.

3. The Superior Court's Order was filed on May 11, 2001, and Charles's attorneys were notified of the Court's order that same day, May 11, 2001. Ex. 2-9.

4. The docket entry states "(Attorney Hrones notified in hand, copies faxed to ADA Zanini and Attorney J. Boyden)." Ex. 2-9.

---

[1] Exhibits cited to in this motion are the Docket Sheets and the *Nolle Prosequi* from <u>Commonwealth v. Rodriguez</u>, Suffolk Superior Court Nos. 035942-03-5945 and 036181-036184, which are contained in <u>District Attorney Defendants' Supplemental Appendix to Motion to Dismiss with Prejudice</u>, Exhibits 1-9, Document 16 in this action.

2

5.  On May 17, 2001, the Suffolk County District Attorney's Office filed a *Nolle Prosequi* dismissing the indictments. Ex. 1-9.

6.  On May 17, 2004, Charles filed this civil action - <u>Charles v. City of Boston et al.</u>, Case No. 04-10986-NG - in the United States District Court, District of Massachusetts. See Docket, paper no. 1, date filed, 5/17/04.

**III.    ARGUMENT**

   **A.    Charles's claims are barred by the Statute of Limitations.**

The plaintiff's claims brought under 42 U.S.C. § 1983 – Counts II, III and V - are time barred. On May 11, 2001, Charles was granted a new trial. Thus, the statute of limitations expired on May 11, 2004, three years later. However, Charles did not file this action until May 17, 2004. Accordingly, his complaint was not filed within the three year statute of limitations and is time barred.

As section 1983 does not have a built in statute of limitations, a federal Court borrows from the forum state's limitation period governing personal injury causes of action. <u>Nieves v. McSweeney</u>, 241 F.3d 46, 51 (1st Cir. 2001). In Massachusetts, three years is prescribed by the correlating statute of limitations for personal injury actions. <u>Id</u>.[2] Under

---

[2] The First Circuit has held that both G.L. c. 260, § 2A and Mass. R. Civ. P. 6(a) are used to determine the accrual and limitations period of a section 1983 claim arising in Massachusetts. <u>Poy v. Boutselis</u>, 352 F.3d 479, 483-484 (1st Cir. 2003). Under Massachusetts law, the date the cause of action accrues is excluded from the calculation of the limitations period. Massachusetts begins counting on the day following the day of accrual, with

3

both federal and Massachusetts law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Id. at 52; Riley v. Presnell, 565 N.E.2d 780, 784, 409 Mass. 239, 243 (1991). However, a claim premised upon an allegedly unconstitutional conviction or imprisonment may not be brought under section 1983 unless the underlying conviction has been declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal Court's issuance of a writ of *habeus corpus*. Heck v. Humphrey, 512 U.S. 477, 486-487, 114 S.Ct. 2364, 2372 (1994). In Heck, the Court further explained that such a holding precludes section 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution on the pending charges. Id. at 487. Heck declined to address the effect its holding would have on calculating the commencement of the statute of limitations of § 1983 actions. Heck, 512 U.S. at 489-490.

The Tenth Circuit, however, has addressed this issue, holding that the statute of limitations starts on the date that the plaintiff's criminal convictions were invalidated. Smith v.

---

the last day for filing suit being the anniversary of the event. Id. Accordingly, for calculating the statute of limitations in this action, the May 11, 2001 date is excluded, the three year statute started to run on May 12, 2001 and the statute ran out on May 11, 2004. The plaintiff did not file this action until May 17, 2004. Thus, Charles's complaint was not filed within the three year statute of limitations.

Gonzales, 222 F.3d 1220 (10th Cir. 2000). In Smith, the Court reversed the plaintiff's state Court convictions on two counts of murder in *habeus corpus* proceedings on March 7, 1995. Id. After granting and holding a new trial for Smith, the Court declared a mistrial due to the jury's inability to reach a verdict. Id. at 1221. On April 21, 1996, the state filed a *nolle prosequi* indicating that it would not prosecute the plaintiff further and, on the same day, released Smith from custody. Id. On February 19, 1999, the plaintiff filed a section 1983 action. Id.

The Tenth Circuit, applying the principles articulated in Heck, rejected the plaintiff's contention that the statute of limitations did not begin until three years after the filing of the *nolle prosequi*. Smith, 222 F. 3d at 1222. Instead, the Court held that the statute of limitations accrued on March 7, 1995, the date on which the federal Court filed the order granting the plaintiff *habeus corpus* relief and a new trial. Id. at 1222. The Court explained that a favorable judgment in the section 1983 action would not render invalid any outstanding criminal judgment against the plaintiff because those convictions had been reversed in the *habeus corpus* proceedings. Id. The Court held that statute of limitations began tolling on March 7, 1995, thus barring the plaintiff's complaint filed on April 19, 1999. Id.

5

Here, like Smith, Charles's claims are time barred. On May 11, 2001, the Superior Court (Rouse, J.) entered its decision and order granting Charles's motion for a new trial. (Ex. 1-9). At this time, Charles's attorneys were notified of the Court's order. (Ex. 2-9).[3] Therefore, Charles had until May 11, 2004, to file his complaint alleging civil rights violations. However, Charles did not file the complaint until May 17, 2004, by which time the statute of limitations had run. Accordingly, Charles's claims against Bogdan and the City must be dismissed because they were not brought within the statute of limitations.

**B.   Charles's claims are most similar to *Smith v. Gonzales***

Charles's Opposition to the Defendants' Motion for Leave to Amend Their Answers cites to seven cases that purportedly stand for the proposition that section 1983 claims do not accrue when a plaintiff faces even a potential prosecution. See Opposition, p. 7. However, Charles's claims are more similar to the more recent case Smith v. Gonzales, 222 F.3d 1220 (10th Cir. 2000). Like in Smith, Charles makes a claim against Bogdan for a Brady violation - Charles alleges that Bogdan failed to disclose serological evidence favorable to him. (Compliant, ¶ 84). Accordingly, when the Superior Court granted Charles a new trial due to DNA testing (Complaint, ¶¶ 1 and 66), Bogdan was

---

[3] For purposes of calculating the statute of limitations, in a section 1983 action, the plaintiff is charged with the knowledge of his attorney that the order was entered on May 11, 2001. See Jones v. City of Boston, 2004 WL 1534206 at p. 4 (D. Mass. 2004) (Stearns, J.).

6

effectively prevented from withhold the same exculpatory evidence if the Commonwealth decided to retry Charles.  Thus, a second trial could not have implicated the same constitutional violations at issue in Charles's first trial.  Thus, as of May 11, 2001, a favorable judgment in a section 1983 action wound not have rendered invalid any outstanding criminal judgment against Charles.  <u>Id</u>. At 1222.

### C. **Conspiracy claim against Bogdan is barred by the statute of limitations**.

Charles's claim of conspiracy against Bogdan – Count III - is also barred by the statute of limitations under <u>Nieves</u>.  In that case, the First Circuit held that the statute of limitations on a section 1983 claim for conspiracy runs from the date of the last overt act that causes damage to the plaintiff. <u>Nieves</u>, 241 F.3d at 51.  The Court specifically rejected the argument that under <u>Heck</u>, the conspiracy claim did not accrue until the criminal proceedings were resolved in his favor.  <u>Id</u>. at 52.  Accordingly, under <u>Nieves</u>, the statute of limitations on Charles conspiracy claim against Bogdan contained in Count III expired three years past the time of his conviction.  Thus, the statute of limitations had run on Charles's section 1983 conspiracy claim.

7

**IV.  CONCLUSION**

Charles's claims are time barred, under the principles set forth in <u>Heck</u>, as interpreted by the Tenth Circuit in <u>Smith</u> and the First Circuit in <u>Nieves</u>.  Accordingly the Court should dismiss those counts pursuant to Fed. R. Civ. P. 12(c) on the grounds that Charles failed to file his complaint within the applicable statute of limitations.  Accordingly, Stanley Bogdan and the City of Boston respectfully request that all counts of the complaint directed against them be dismissed with prejudice.

```
                              Respectfully submitted,

                              DEFENDANTS, STANLEY BOGDAN AND
                              CITY OF BOSTON
                              Merita A. Hopkins
                              Corporation Counsel

                              By their attorney:



                              /s/ Thomas R. Donohue
                              Thomas R. Donohue, BBO# 643483
                              Assistant Corporation Counsel
                              City of Boston Law Department
                              Room 615, City Hall
                              Boston, MA 02201
                              (617) 635-4039
```

Dated: December 12, 2005