114 Fed. Appx. 412, *; 2004 U.S. App. LEXIS 24191, **

FRANCISO CHEVERE-RODRIGUEZ ET AL., Plaintiffs, Appellants, v. INES BARNES PAGAN, ETC., ET AL., Defendants, Appellees.

No. 04-1491

UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

*114 Fed. Appx. 412; 2004 U.S. App. LEXIS 24191*

**November 19, 2004, Decided**

**NOTICE:** [**1] RULES OF THE FIRST CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO. Hon. Raymond L. Acosta, Senior U.S. District Judge.

**DISPOSITION:** Reversed and remanded.

**COUNSEL:** Nicolas Nogueras, Jr. on brief for appellants.

**JUDGES:** Before Selya, Circuit Judge, Coffin and Cyr, Senior Circuit Judges.

**OPINION:**

[*413] **Per Curiam.** This appeal follows the entry of an order dismissing a suit under *42 U.S.C. § 1983* as time-barred. Because the district court erred in its calculation of the limitations period, we reverse and remand for further proceedings.

Plaintiff-appellant Francisco Chevere-Rodriguez is a former employee of the municipality of Bayamon, Puerto Rico, and a self-styled whistleblower. Chevere-Rodriguez claims that his whistleblowing resulted in various acts of reprisal. Following a confrontation at the home of a municipal hierarch (defendant-appellee Ines Barnes Pagan), municipal officers arrested Chevere-Rodriguez and prosecuted him on what he characterizes as trumped-up charges.

At a trial in a Puerto [**2] Rico court, a petit jury cleared Chevere-Rodriguez of all charges. The jury returned its verdict on August 13, 1999. On August 14, 2000, Chevere-Rodriguez, on behalf of himself, his wife, and their conjugal partnership, instituted a civil action in the United States District Court for the District of Puerto Rico. He alleged, inter alia, that by fabricating the criminal charges and falsely incriminating him, the town and the four individual defendants (all municipal officials) had collogued to abrogate his civil rights in violation of *42 U.S.C. § 1983*. n1

> n1 Chevere-Rodriguez subsequently filed an amended complaint, dropping the municipality as a party.

After considerable pretrial skirmishing, two of the individual defendants, Barnes Pagan and Fuentes, moved for judgment on the pleadings. See *Fed. R. Civ. P. 12(c)*. They posited that the action was time-barred. The district court granted the motion and subsequently dismissed the action against [**3] the remaining two defendants as well.

Following an unsuccessful motion for reconsideration, this appeal ensued. Chevere-Rodriguez has filed a brief but, for reasons that are not immediately apparent, [*414] the defendants have elected not to submit an opposing brief.

In Puerto Rico, the limitations period applicable to *section 1983* actions is one year. See P.R. Laws Ann. *tit. 31, § 5298(2)*; see also *Wilson v. Garcia, 471 U.S. 261, 278-80, 85 L. Ed. 2d 254, 105 S. Ct. 1938* (characterizing *section 1983* claims as "personal injury actions" and holding that state tort law supplies the applicable limitations period). It cannot be gainsaid that the cause of action described in the amended complaint accrued on August 13, 1999 -- the day that the criminal jury exonerated Chevere-Rodriguez. n2 See, e.g., *Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996)* (holding that a *section 1983* claim in the nature of malicious prosecution does not accrue while there is still a potential for judgment of conviction in the underlying criminal case). The dispositive issue, then, is whether the commencement date of the civil action -- August 14, 2000 -- falls within [**4] the one-year limitations period.

> n2 To be sure, the amended complaint mentions several incidents leading up to the malicious prosecution. Chevere-Rodriguez does not suggest, however, that any of those earlier incidents remain independently actionable.

Chevere-Rodriguez's timeliness argument has two components. We examine each of them.

First, Chevere-Rodriguez asserts that the limitations clock did not begin to tick until August 14, 1999 (the day next following the accrual date). We agree with this assertion. The controlling authority is our decision in *Carreras-Rosa v. Alves-Cruz, 127 F.3d 172 (1st Cir. 1997)* (per curiam). There, we construed Puerto Rico law as supporting the proposition that the limitations period begins on the day following the date of accrual. *Id. at 175*; see P.R. Laws Ann. tit. 1, § 72 ("The time in which any act provided by law is to be done is computed by excluding the first day, and including the last . . . ."); see also [**5] *Yeinsip v. Lufthansa German Airlines, 725 F. Supp. 113, 115 (D.P.R. 1989)*. n3

> n3 In all events, the result would be the same under federal law. See *Fed. R. Civ. P. 6 (a)* ("In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.").

The second component of Chevere-Rodriguez's argument begins where the first component ends, that is, it starts with the assumption that the limitations period began to run on August 14, 1999. Since the year 2000 was a leap year, Chevere-Rodriguez had 366 days in which to sue. See *Carreras-Rosa, 127 F.3d at 174*. Under ordinary circumstances, then, the last day for commencing a timely action would have been August 13, 2000 (the 366th day of the limitations period). Because Chevere-Rodriguez did [**6] not sue until August 14, 2000, it is easy to see how the district court concluded that his suit was "one day late."

Appearances can be deceiving, however, and the circumstances here are out of the ordinary because, in the year 2000, August 13 fell on a Sunday. n4 When the final day of a computed period of time prescribed or allowed by an applicable statute for doing an act falls on a Saturday, Sunday, or legal holiday, the period is automatically extended to the next business day. See *Fed. R. Civ. P. 6(a)*. Consequently, Chevere-Rodriguez had until Monday, August 14, 2000, to institute the suit. Because he filed his complaint with the district court [*415] on that date, he commenced the action within the one-year limitations period.

> n4 Although Chevere-Rodriguez's opposition to the motion to dismiss did not emphasize this point, his motion for reconsideration harped on it.

We need go no further. Based on the foregoing, we conclude that the district court erred in dismissing [**7] the instant action as time-barred.

**Reversed and remanded.**

119N08

********** Print Completed **********

Time of Request:    December 21, 2005   06:43 PM EST

Print Number:       1861:76143308
Number of Lines:    102
Number of Pages:

Send To:  GAMETCHU, MAYETI
          PARAGON LAW GROUP
          184 HIGH ST
          BOSTON, MA 02110-3001