FRANCISO CHEVERE-RODRIGUEZ ET AL., Plaintiffs, Appellants, v. INES BARNES PAGAN, ETC., ET AL., Defendants, Appellees.

No. 04-1491

UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

*114 Fed. Appx. 412; 2004 U.S. App. LEXIS 24191*

**November 19, 2004, Decided**

**NOTICE:** [**1] RULES OF THE FIRST CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO. Hon. Raymond L. Acosta, Senior U.S. District Judge.

**DISPOSITION:** Reversed and remanded.

**COUNSEL:** Nicolas Nogueras, Jr. on brief for appellants.

**JUDGES:** Before Selya, Circuit Judge, Coffin and Cyr, Senior Circuit Judges.

**OPINION:**

[*413]  **Per Curiam.** This appeal follows the entry of an order dismissing a suit under *42 U.S.C. § 1983* as time-barred. Because the district court erred in its calculation of the limitations period, we reverse and remand for further proceedings.

Plaintiff-appellant Francisco Chevere-Rodriguez is a former employee of the municipality of Bayamon, Puerto Rico, and a self-styled whistleblower. Chevere-Rodriguez claims that his whistleblowing resulted in various acts of reprisal. Following a confrontation at the home of a municipal hierarch (defendant-appellee Ines Barnes Pagan), municipal officers arrested Chevere-Rodriguez and prosecuted him on what he characterizes as trumped-up charges.

At a trial in a Puerto [**2] Rico court, a petit jury cleared Chevere-Rodriguez of all charges. The jury returned its verdict on August 13, 1999. On August 14, 2000, Chevere-Rodriguez, on behalf of himself, his wife, and their conjugal partnership, instituted a civil action in the United States District Court for the District of Puerto Rico. He alleged, inter alia, that by fabricating the criminal charges and falsely incriminating him, the town and the four individual defendants (all municipal officials) had collogued to abrogate his civil rights in violation of *42 U.S.C. § 1983*. n1

> n1 Chevere-Rodriguez subsequently filed an amended complaint, dropping the municipality as a party.

After considerable pretrial skirmishing, two of the individual defendants, Barnes Pagan and Fuentes, moved for judgment on the pleadings. See *Fed. R. Civ. P. 12(c)*. They posited that the action was time-barred. The district court granted the motion and subsequently dismissed the action against [**3] the remaining two defendants as well.

Following an unsuccessful motion for reconsideration, this appeal ensued. Chevere-Rodriguez has filed a brief but, for reasons that are not immediately apparent, [*414] the defendants have elected not to submit an opposing brief.

In Puerto Rico, the limitations period applicable to *section 1983* actions is one year. See P.R. Laws Ann. *tit. 31, § 5298(2)*; see also *Wilson v. Garcia, 471 U.S. 261, 278-80, 85 L. Ed. 2d 254, 105 S. Ct. 1938* (characterizing *section 1983* claims as "personal injury actions" and holding that state tort law supplies the applicable limitations period). It cannot be gainsaid that the cause of action described in the amended complaint accrued on August 13, 1999 -- the day that the criminal jury exonerated Chevere-Rodriguez. n2 See, e.g., *Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996)* (holding that a *section 1983* claim in the nature of malicious prosecution does not accrue while there is still a potential for judgment of conviction in the underlying criminal case). The dispositive issue, then, is whether the commencement date of the civil action -- August 14, 2000 -- falls within [**4] the one-year limitations period.

> n2 To be sure, the amended complaint mentions several incidents leading up to the malicious prosecution. Chevere-Rodriguez does not suggest, however, that any of those earlier incidents remain independently actionable.

Chevere-Rodriguez's timeliness argument has two components. We examine each of them.

First, Chevere-Rodriguez asserts that the limitations clock did not begin to tick until August 14, 1999 (the day next following the accrual date). We agree with this assertion. The controlling authority is our decision in *Carreras-Rosa v. Alves-Cruz, 127 F.3d 172 (1st Cir. 1997)* (per curiam). There, we construed Puerto Rico law as supporting the proposition that the limitations period begins on the day following the date of accrual. *Id. at 175*; see *P.R. Laws Ann. tit. 1, § 72* ("The time in which any act provided by law is to be done is computed by excluding the first day, and including the last . . . ."); see also [**5] *Yeinsip v. Lufthansa German Airlines, 725 F. Supp. 113, 115 (D.P.R. 1989)*. n3

> n3 In all events, the result would be the same under federal law. See *Fed. R. Civ. P. 6 (a)* ("In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.").

The second component of Chevere-Rodriguez's argument begins where the first component ends, that is, it starts with the assumption that the limitations period began to run on August 14, 1999. Since the year 2000 was a leap year, Chevere-Rodriguez had 366 days in which to sue. See *Carreras-Rosa, 127 F.3d at 174*. Under ordinary circumstances, then, the last day for commencing a timely action would have been August 13, 2000 (the 366th day of the limitations period). Because Chevere-Rodriguez did [**6] not sue until August 14, 2000, it is easy to see how the district court concluded that his suit was "one day late."

Appearances can be deceiving, however, and the circumstances here are out of the ordinary because, in the year 2000, August 13 fell on a Sunday. n4 When the final day of a computed period of time prescribed or allowed by an applicable statute for doing an act falls on a Saturday, Sunday, or legal holiday, the period is automatically extended to the next business day. See *Fed. R. Civ. P. 6(a)*. Consequently, Chevere-Rodriguez had until Monday, August 14, 2000, to institute the suit. Because he filed his complaint with the district court [*415] on that date, he commenced the action within the one-year limitations period.

> n4 Although Chevere-Rodriguez's opposition to the motion to dismiss did not emphasize this point, his motion for reconsideration harped on it.

We need go no further. Based on the foregoing, we conclude that the district court erred in dismissing [**7] the instant action as time-barred.

**Reversed and remanded.**

```
                                                                          119N08
**********  Print Completed   **********

Time of Request:   December 21, 2005  06:43 PM EST

Print Number:      1861:76143308
Number of Lines:   102
Number of Pages:
```

```
Send To:  GAMETCHU, MAYETI
          PARAGON LAW GROUP
          184 HIGH ST
          BOSTON, MA 02110-3001
```

Westlaw.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1994 WL 51612 (D.Mass.)  
**(Cite as: Not Reported in F.Supp.)**

Page 1

Briefs and Other Related Documents  
Only the Westlaw citation is currently available.
United States District Court, D. Massachusetts.
Jose L. RODRIGUEZ
v.
Judd J. CARHART; George Criss; and Robert Craig.
**Civ. A. No. 91-10665-Z.**

Jan. 25, 1994.

Jose Rodriguez, pro se.
Walter B. Prince, Deborah A. Tootalian, Peckham, Lobel, Casey, Prince & Tye, Boston, MA, for defendant Judd J. Carhart.
Elisabeth J. Medvedow, Atty. Gen.'s Office, Criminal Bureau, Boston, MA, for defendant Sydney Hanlon.

MEMORANDUM OF DECISION

ZOBEL, District Judge.
***1** Jose Rodriguez was convicted of state offenses in 1987 while represented by attorney Judd Carhart. Plaintiff sued various parties under 42 U.S.C. § 1983 (1993) and Massachusetts civil rights law, alleging that they conspired to convict him at trial. FN1 On February 27, 1992, I dismissed the state claims against Carhart, the only remaining defendant. He now moves for summary judgment on the section 1983 claims. The motion is granted.

*Background*

Because Carhart moved for summary judgment, all facts will be construed in the light most favorable to Rodriguez, the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986). Plaintiff first was convicted of rape and assault and battery with a dangerous weapon in 1977. The Massachusetts Supreme Judicial Court reversed the conviction and remanded for a new trial after a protracted appellate process. *Commonwealth v. Rodriguez,* 391 N.E.2d 889 (Mass.1979). Plaintiff retained defendant in October 1986 to represent him at the retrial, and he now alleges that the conduct of defendant and others deprived him of a fair trial. Plaintiff supports this claim with the following events.

After being hired, defendant requested a series of continuances, which postponed retrial for fourteen months. Defendant did not request a speedy trial, although he told plaintiff that he had. During the pre-trial period, exhibits from the first trial, including suggestive photo arrays, were lost. Defendant moved to dismiss the case, but he did not move to suppress extant evidence or identifications based on the missing displays, despite plaintiff's request that he do so.

The Commonwealth's first witness was the victim, who, during the opening day of her testimony, did not identify Rodriguez as her attacker. The following day, defendant told plaintiff that the victim was unable to identify him. A court officer then brought plaintiff, who was handcuffed, into the courtroom and escorted him within several feet of the victim, who sat facing the door through which plaintiff entered. After retaking the stand, the victim testified that plaintiff was her attacker.

The judge conducted a voir dire hearing to determine whether the victim had seen plaintiff in handcuffs. The victim testified that she "didn't see any handcuffs." Defendant offered his support and told the judge that "I was present and I didn't see handcuffs." Defendant discouraged plaintiff's family from testifying at the hearing, telling plaintiff that "[the prosecutor] will get them in trouble, besides, the judge doesn't care what they seen [sic], only what the victim seen [sic]."

A liquor store employee, who briefly conversed with plaintiff the night of the attack, testified after the victim. Although the witness had testified at the earlier trial, his testimony now matched information that plaintiff imparted to defendant after the first trial. In addition, defendant did not impeach the witness with his prior inconsistent statement. Plaintiff was again convicted, and sentenced to life imprisonment. In preparation for his appeal, he repeatedly requested the relevant transcripts from the court stenographer and eventually received a partial set. The stenographer told him that "someone told me to forget about the transcripts for your case."

*Summary Judgment*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 2
Not Reported in F.Supp., 1994 WL 51612 (D.Mass.)
**(Cite as: Not Reported in F.Supp.)**

*\*2* The decision to grant summary judgment is based on the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." Fed.R.Civ.P. 56(c). Summary judgment is granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A material fact is one that might affect the outcome of the litigation. *Anderson,* 477 U.S. at 247.

To recover on his section 1983 claims, plaintiff must prove that defendant deprived him, under color of state law, of a federally protected right. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 151 (1970); *Glaros v. Perse,* 628 F.2d 679, 684-85 (1st Cir.1980). Plaintiff cannot show state action, thus no discussion of federal rights is necessary.

Private parties act under color of state law when they "[reach] an understanding" with state officials to deprive someone of a federal right. *Adickes,* 398 U.S. at 153. An actionable understanding will be inferred if the private party is a "willful participant in joint activity with the State or its agents." *Id.,* (quoting *United States v. Price,* 383 U.S. 787, 794 (1966)). Because Carhart was retained by Rodriguez, and is not himself a state actor, he is liable under section 1983 only if his activities are linked with those of a state actor.

The candidates for co-conspirator are the court officer, the court stenographer, and the witness. Because a private party who testifies in open court does not act under color of state law, defendant could not conspire with the witness for section 1983 purposes. *See Briscoe v. LaHue,* 460 U.S. 325, 330-31 (1983); *San Filippo v. U.S. Trust Co.,* 737 F.2d 246, 256 (2d Cir.1984). Furthermore, plaintiff does not connect defendant's actions with those of either the court officer or the court stenographer. In plaintiff's view, Carhart may have been a poor advocate, but based on the facts before the Court, he acted alone. Similarly, while both the court officer and the stenographer may have erred, there is absolutely no evidence they did so upon Carhart's encouragement.

*Conclusion*

Because plaintiff fails to raise a genuine issue of material fact, defendant's motion for summary judgment (# 107) is granted.

FN1. Plaintiff originally sued Sydney Hanlon, a state prosecutor, who was dismissed on qualified immunity grounds; George Criss, a court stenographer, and Robert Craig, a court officer, against whom default judgments were entered; and Daniel Kurek, a prosecution witness, who has not been served.

D.Mass.,1994.
Rodriguez v. Carhart
Not Reported in F.Supp., 1994 WL 51612 (D.Mass.)

Briefs and Other Related Documents (Back to top)

• 1:91CV10665 (Docket) (Feb. 27, 1991)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.