

215 F.3d 1313 (Table) Page 1
215 F.3d 1313 (Table), 2000 WL 739709 (1st Cir.(N.H.))
**Unpublished Disposition**
**(Cite as: 215 F.3d 1313, 2000 WL 739709 (1st Cir.(N.H.)))**

**Briefs and Other Related Documents**

NOTICE:  THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA1 Rule 36 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, First Circuit.
Scott W. VEALE, Plaintiff, Appellant,
v.
David A. GRIFFIN, Individually and as a State Police Trooper, for the State of
New Hampshire; State of New Hampshire, Defendants, Appellees.
**No. 99-1231.**

June 6, 2000.

Arrestee brought action against state police trooper under § 1983 and § 1985 on basis of alleged false arrest. The United States District Court for the District of New Hampshire, Paul J. Barbadoro, J., granted judgment for trooper. Arrestee appealed. The Court of Appeals held that: (1) § 1985 claim was not premised on class-based animus, and (2) § 1983 claim accrued at time of arrest.

Affirmed.

West Headnotes

**[1] Conspiracy** 7.5(1)
91k7.5(1) Most Cited Cases
Arrestee's claims of discrimination allegedly premised on his effort to obtain title to land did not involve class-based, invidiously discriminatory animus needed to establish a civil-rights conspiracy actionable under § 1985 in suit against state trooper. 42 U.S.C.A. § 1985.

**[2] Conspiracy** 7.5(1)
91k7.5(1) Most Cited Cases

**[2] Conspiracy** 7.5(2)
91k7.5(2) Most Cited Cases
Class based discrimination, to be cognizable, must be identifiable by reference to something more than the members' desire to engage in conduct that the defendant of a § 1985 claim disfavors; the line drawn by the substantive characteristic must divide individuals into distinct, separate, and identifiable groups such as "white" as opposed to "non-white" or "female" as opposed to "male." 42 U.S.C.A. § 1985.

**[3] Conspiracy** 7.5(1)
91k7.5(1) Most Cited Cases
Section 1985 does not reach conspiracies motivated by bias towards others on account of their economic views, status, or activities. 42 U.S.C.A. § 1985.

**[4] Limitation of Actions** 58(1)
241k58(1) Most Cited Cases
Arrestee's claim under § 1983 against state police trooper on basis of alleged false arrest accrued at time of his arrest, although arrestee claimed that his arrest and search were part of ongoing conspiracy, the last act of which was the allegedly malicious prosecution, arrest was a discrete occurrence, rather than a part of a continuing conspiracy since trooper did not go looking for arrestee with the already-formed purpose of causing arrestee to be arrested and prosecuted for drug possession. 42 U.S.C.A. § 1983.

**[5] Limitation of Actions** 95(15)
241k95(15) Most Cited Cases
A claim under § 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. 42 U.S.C.A. § 1983.

**[6] Limitation of Actions** 58(1)
241k58(1) Most Cited Cases
A § 1983 claim based on false arrest usually begins to run at the time of arrest. 42 U.S.C.A. § 1983.

Appeal from the United States District Court for the District of New Hampshire, Paul J. Barbadoro, U.S. District Judge.

Scott W. Veale, on brief, pro se.

Philip T. McLaughlin, Attorney General, and Daniel J. Mullen, Senior Assistant Attorney General, on brief, for appellees.

Before LYNCH, Circuit Judge, BOWNES, Senior Circuit Judge, and LIPEZ, Circuit Judge.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

215 F.3d 1313 (Table)  Page 2
215 F.3d 1313 (Table), 2000 WL 739709 (1st Cir.(N.H.))
**Unpublished Disposition**
**(Cite as: 215 F.3d 1313, 2000 WL 739709 (1st Cir.(N.H.)))**

PER CURIAM.

**\*\*1** Appellant Scott W. Veale brought a civil rights action, based on 42 U.S.C. §§ 1983 and 1985(3), against the state of New Hampshire and David A. Griffin, a New Hampshire state trooper. Appellant also listed claims under state law. The district court dismissed the action on the grounds that it had no jurisdiction over the § 1985(3) claim and that the claims under § 1983 and state law were barred by the applicable statute of limitations. The court also determined that appellant's claims against the state of New Hampshire and against Trooper Griffin in his official capacity were barred by the Eleventh Amendment. Appellant contests only the dismissal of his §§ 1983 and 1985(3) claims. For the following reasons, we affirm the district court judgment.

1. *The § 1985(3) Claim.*

[1][2] Even assuming that the amended complaint stated sufficient allegations of a conspiracy, it is obvious that appellant cannot show that defendants' acts were "propelled by some racial, or perhaps otherwise class-based, invidiously discriminatory animus." See *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996) (internal quotation marks and citation omitted). That is, although appellant uses the phrase "class-based," it seems plain that he is claiming that the defendants' alleged discrimination was premised on the activities he has undertaken in an effort to obtain title to the land in Marlborough. However, "a class, to be cognizable, must be identifiable by reference to something more than the members' desire to engage in conduct that the § 1985(3) defendant disfavors." *Id.* at 5 (internal punctuation and citation omitted).

> In other words, the line drawn by the substantive characteristic must divide individuals into distinct, separate, and identifiable groups. This means, for example, "white" as opposed to "non-white," "female" as opposed to "male," or, if political classes are includable--a matter on which we do not opine-- "registered Republicans" as opposed to other voters.

*Id.* at 5-6 (citations omitted). Plainly, the class described by appellant does not meet this requirement.

[3] Further, to the extent that appellant is claiming that he belongs to some kind of economic class of persons who own land, this claim also is unavailing. The Supreme Court has made clear that § 1985(3) does not reach "conspiracies motivated by bias towards others on account of their *economic* views, status, or activities." See *United Bhd. Of Carpenters v. Scott,* 463 U.S. 825, 837-38, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983) (emphasis added). Since appellant plainly cannot make out a § 1985(3) claim, and amendment would be futile, the dismissal of this claim is affirmed. See *Smith v. Boyd,* 945 F.2d 1041, 1043 (8th Cir.1991); *Baker v. Director, U.S. Parole Comm'n,* 916 F.2d 725, 726 (D.C.Cir.1990) (per curiam); *Shockley v. Jones,* 823 F.2d 1068, 1072-73 (7th Cir.1987).

2. *The § 1983 Claim.*

[4] As the district court found, appellant, in his original complaint and throughout the district court proceedings, focused on a claim of false arrest. The court held that this claim was untimely. We agree.

**\*\*2** [5] A claim under § 1983 accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Calero-Colon v. Betancourt-Lebron,* 68 F.3d 1, 3 (1st Cir.1995) (internal quotation marks and citation omitted). Appellant's arrest in this case was warrantless. Thus, his claim, in relation to the lack of probable cause to arrest, is akin to one for false arrest. See *id.* at 4 ("wrongful warrantless arrests typically resemble the tort of false arrest"). Because the allegedly illegal search was a part of appellant's arrest, we consider the search claim as a component of the false arrest claim. See *Beck v. City of Muskogee Police Dep't,* 195 F.3d 553, 557- 59 (10th Cir.1999) (where the search and the arrest occurred during the same time period, the court treated plaintiff's illegal search and seizure claim and false arrest claim as one cause of action for the purpose of determining the timeliness of plaintiff's § 1983 action).

[6] A claim for false arrest usually begins to run at the time of arrest. *Calero-Colon,* 68 F.3d at 4 (Lynch, J., concurring). See also *Rose v. Bartle,* 871 F.2d 331, 350 (3d Cir.1989) (a § 1983 claim based on false arrest accrues on the date of the arrest). If the usual rule applies, then, appellant's cause of action for illegal search and false arrest accrued on October 23, 1994--the date of the search and the arrest. Thus, appellant's complaint, filed over three years later on March 13, 1998, would be time-barred.

We see no reason why the usual rule should not apply in this case. Although appellant attempts to argue that his arrest and the search were part of an

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

215 F.3d 1313 (Table)                                                                                                                Page 3
215 F.3d 1313 (Table), 2000 WL 739709 (1st Cir.(N.H.))
**Unpublished Disposition**
**(Cite as: 215 F.3d 1313, 2000 WL 739709 (1st Cir.(N.H.)))**

ongoing conspiracy--the last act of which was the allegedly malicious prosecution--there is no support in the record for such a finding. Specifically, appellant does not allege, and there is no evidence, that Trooper Griffin went looking for appellant with the *already-formed purpose* of causing appellant to be arrested and prosecuted for drug possession. Thus, this is a case where the arrest was a discrete occurrence, rather than a part of a continuing conspiracy, and the false arrest claim, as the district court found, is time-barred. *Compare* **Robinson v. Maruffi, 895 F.2d 649 (10th Cir**.1990).

Finding no merit in the remaining arguments appellant raises on appeal, the judgment of the district court is *affirmed.*

215 F.3d 1313 (Table), 2000 WL 739709 (1st Cir.(N.H.)) Unpublished Disposition

**Briefs and Other Related Documents (Back to top)**

• 99-1231 (Docket) (Mar. 09, 1999)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.