UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10986 NG

ULYSSES RODRIGUEZ CHARLES,
    Plaintiff

v.

CITY OF BOSTON, et al.
    Defendants

### DEFENDANTS CITY OF BOSTON AND STANLEY BOGDAN'S MOTION FOR A PROTECTIVE ORDER

Now come the defendants, City of Boston and Stanley Bogdan ("the defendants"), and hereby move this Honorable Court to order and execute the proposed Protective Order ("protective order") attached hereto. See Exhibit A.

The defendants seek to place the following types of documents and information under a protective order:

1. The identities of the rape victims;
2. Statements of the victims;
3. Confidential medical information regarding the victims;
4. Other personal and private information of the victims;
5. Confidential, personal and private information of third parties and suspects;
6. Information and documents contained in personnel files, complaints and disciplinary information; and
7. Other personal and private information - the public disclosure of which would constitute an unwarranted invasion of personal privacy.

**I.   Introduction**

Through discovery, the plaintiff, Ulysses Rodriguez Charles ("the plaintiff"), seeks the disclosure of confidential information and documents relating to his investigation, arrest and conviction for three rapes and other crimes which occurred in 1980. The defendants – in order to protect the privacy rights of the victims, third parties, the plaintiff, deceased police officers and the defendants – seek to produce a limited number of highly personal and/or confidential documents pursuant to the proposed Protective Order.  See Exhibit A.

**II.   Standard of Protective Order**

A protective order may issue, as justice requires and for good cause, to protect any person from whom discovery is sought. Protective orders are favored to ensure that confidential information is adequately safeguarded.  See Fed.R.Civ.P. 26 (c). The U.S. Supreme Court has held that, by its terms, Rule 26(c) permits this Court, in its discretion, to impose limitations upon discovery that may be had, and allows the Court to restrict the use of information obtained during discovery.  Seattle Times Co. v. Rhinehart, et al., 467 U.S. 20 (1984).

Here, the defendants seek to restrict the plaintiff's ability to disclose and make public certain personal, private

and confidential documents by turning over such documents pursuant to a protective order.

### III. The Identity, Statements and Reports of Rape Victims and Third Parties

In this case, a protective order is needed to insure the privacy rights of the victims and third parties. The victims' statements and reports regarding their rapes and assaults obviously contain extremely sensitive and private information. According to Massachusetts law, the names and reports of rape victims are to remain confidential and not to be made public. See M.G.L. c.265 § 24C and c.41 § 97D. See also Globe Newspaper Co. v. Superior Court, 379 Mass 846, 858 n. 9, vacated on other grounds 449 U.S. 894 (1980), on remand 383 Mass 838 (1981), rev'd on other grounds 457 U.S. 596 (1982). Accordingly, the defendants seek to produce such information pursuant to a protective order.

Similarly, documents that contain highly personal and confidential information of third parties and suspects should only be produced under a protective order.

### IV. Personnel Records, Complaints and Disciplinary Information Should Only be Produced Under a Protective Order

A protective order is needed to protect the privacy rights of city employees. Documents which may constitute personnel

records, complaints and disciplinary information of former police department employees should only be produced pursuant to a protective Order.  Personnel information of city employees must be protected because government officials have a reasonable expectation of privacy.  "Federal common law recognizes a qualified privilege for official information.  Government personnel files are considered official information."  Miller v. Pancucci, 141 F.R.D. 292, 299-300 (C.D. Cal. 1992) *citing* Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir.1990).

Further, in Wakefield Teachers Association, the Court prohibited the disclosure of the disciplinary records of a teacher employed in the Wakefield public schools.  The Court held that "disciplinary reports are part of an individual's personnel information" and thus absolutely exempt from disclosure pursuant to Mass.Gen.L. c. 4, §7.  Wakefield Teachers Association v. School Committee of Wakefield, et al., 431 Mass. 792, 731 N.E.2d 63 (2000).

Accordingly, any documents and information which constitute personnel records, complaints and disciplinary information should be protected from public disclosure and only produced pursuant to a protective order.

**V.    The Proposed Protective Order Places a Minimal Burden on the Parties and the Court**

    1.    <u>The burden is on the party who designates a document as confidential.</u>

Under the proposed order, a party who designates a document as "confidential" shall include with the document an appendix describing the document and stating the basis for the "confidential" designation.  <u>See</u> <u>Exhibit A</u>, ¶ 2.  Furthermore, if the appropriateness of a document designated as "confidential" is challenged, and the parties after consultation cannot resolve the dispute, the party who designated the document must bring the matter before the Court for resolution and bear the burden of establishing that a protective order concerning such documents or information is appropriate.  <u>See</u> <u>Anderson v. Cryovac</u>, 805 F.2d 1 (1st Cir. 1986).  <u>See</u> <u>also</u> <u>Exhibit A</u>, ¶ 3.

    2.    <u>The proposed protective order is limited to the pretrial phase of litigation and does not restrict information gained from sources other than the parties through discovery.</u>

The proposed protective order is limited to the pretrial phase of litigation.  Issues relating to confidentiality and public access to information presented at trial will be addressed separately, if necessary.  <u>See</u> <u>Exhibit A</u>, ¶ 9.  Additionally, the order shall not restrict the dissemination of any information

5

gained from sources other than documents or information produced by the parties through discovery. See Exhibit A, ¶ 10.

## VI. Conclusion

Wherefore, the defendants move this Honorable Court to allow this motion and execute the proposed Protective Order, attached hereto as Exhibit A, in order to protect the privacy rights of the victims, third parties, the plaintiff and the defendants.

**REQUEST FOR ORAL ARGUMENT**

Respectfully submitted,

DEFENDANTS, CITY OF BOSTON and
STANLEY BOGDEN,
Merita A. Hopkins
Corporation Counsel
By their attorney:


Thomas R. Donohue
Thomas R. Donohue, BBO #643483
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4039


Dated: January 15, 2006