**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 04-10986 NG

ULYSSES RODRIGUEZ CHARLES,
      Plaintiff,

v.

CITY OF BOSTON et al.,
      Defendants.

**PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court (Gernter, J.) enters the following order:

1.   For the purposes of this case "confidential information" shall be information designated by a party that is sensitive information which is generally unavailable to the public, not readily determinable from other sources, and treated as confidential for reasons of privacy rights.

2.   All documents and information deemed by a party to be "confidential" under paragraph one - produced in discovery - shall be marked "CONFIDENTIAL."  Documents so designated shall be accompanied by an appendix describing the document and stating the basis for such a designation.

3.   If a party seeks to establish that certain documents or information (or categories of documents or information) designated as confidential are not entitled to such status and protection, he or she shall inform counsel for the opposing party of the basis for his or her objection.  Within ten days thereafter, if the parties cannot resolve the dispute, the party designating the document(s) "confidential" shall bring the matter to the Court for resolution and bear the burden of establishing that a protective order concerning such documents or information is appropriate.  See Anderson v. Cryovac, 805 F.2d 1 (1st Cir. 1986).

4.   Except with the prior written consent of the opposing party, no document or information designated as "confidential" may be disclosed to any person, except that documents and information designated as confidential may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein; to parties or representatives of the parties who are assisting counsel in the conduct of the litigation; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Such documents may also be disclosed:

   (a)   to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

   (b)   to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed and provided to opposing counsel a form containing:

      (i)   a recital that signatory has read and understands this Order;

      (ii)  a recital that the signatory understands that unauthorized disclosures of the documents or information designated as confidential may constitute contempt of Court; and

      (iii) a statement that the signatory consents to the exercise of personal jurisdiction by this Court.

5.   (a)  A deponent may during the deposition be shown, and
          examined about, documents or information designated as
          confidential if deponent already knows the
          confidential information contained therein.  Deponents
          shall not retain or copy portions of the transcript of
          their depositions that contain confidential
          information not provided by them or the entities they
          represent unless they sign the form prescribed in
          paragraph 4(b).  A deponent who is not a party or a
          representative of a party shall be furnished a copy of
          this Order before being examined about, or asked to
          produce, potentially confidential documents.

     (b)  Parties (and deponents) may, within 30 days after
          receiving a deposition transcript, designate pages of
          the transcript (and exhibits thereto) as
          "confidential."  Confidential information within the
          deposition transcript may be designated by underlining
          the portions of the pages that are confidential and
          marking such pages with the following legend:
          "Confidential-Subject to protection pursuant to Court
          Order."  Until expiration of the 30-day period, the
          entire deposition will be treated as subject to
          protection against disclosure under this Order.  If no
          party or deponent timely designates confidential
          information in a deposition, then none of the
          transcript or its exhibits will be treated as
          confidential; if a timely designation is made, the
          confidential portions and exhibits shall be filed
          under seal separate from the portions and exhibits not
          so marked.

6.   If another Court or an administrative agency subpoenas or
orders production of stamped confidential documents or
information subject to the terms of this Order, such party shall
promptly notify the opposing party of the tendency of such
subpoena or order.

7.   Any pleadings or related documents containing information
and documents which have been designated as confidential
pursuant to this Order shall be filed temporarily under seal
with a statement whether the filing party requests the
submission remain sealed.  If such a request is made, it shall
be accompanied by a memorandum addressing the applicable
standards for denying public access.  See Federal Trade
Commission v. Standard Financial Management Corp., 830 F. 2d

4040 (1st Cir. 1987).  The opposing party shall respond to this memorandum within ten (10) days after service.

8.   Unless otherwise ordered, the provisions of this Order shall not terminate at the conclusion of this action.  Upon request, and within 120 days of the request, after final conclusion of all aspects of this litigation, documents and information designated as confidential, and all copies of same (other than exhibits of record), shall be returned to the party or the person who produced such documents or, at the option of the producer (if it retains at least one copy of the same) destroyed.  Also upon request, each party or his or her counsel shall make certification of compliance herewith and shall deliver the same to opposing counsel not more than 150 days after such request was made.

9.   This order is limited to the pretrial phase of this litigation and issues relating to confidentiality and public access to information presented at trial will be addressed separately, if necessary.

10.  This Order shall not restrict the dissemination of any information if gained from a source other than documents or information produced by an opposing party in discovery.

_____

Honorable Nancy Gertner
United States District Court

_____

Date