UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ULYSSES RODRIGUEZ CHARLES,
            Plaintiff,

v.

CITY OF BOSTON, et al.,

           Defendants.

C.A. No. 04-10986-NG

## JOINT MOTION FOR ENLARGEMENT OF DISCOVERY PERIOD

Plaintiff Ulysses R. Charles and the Defendants City of Boston and Stanley I, Bogdan (collectively, the "Parties") respectfully move for an amendment to the joint scheduling statement endorsed by the Court as follows:

(a) Fact discovery will be completed by May 31, 2007.

(b) Plaintiff will disclose his expert(s) and produce the Rule 26(a)(2)(b) report(s) by July 15, 2007.

(c) Defendants will disclose their expert(s) and produce the Rule 26(a)(2)(b) report(s) by August 31, 2007.

(d) The Parties will serve motions for summary judgment no later than December 1, 2007.

(e) The Parties will serve oppositions to motions for summary judgment no later than January 15, 2008.

As reasons for the enlargement, the parties state as follows:

1. The Parties are engaged in extensive discovery in this case, which, as the Court is aware, concerns events that took place well over two decades ago. It involves many witnesses and a large volume of documents, including many which are old and difficult to locate.

2.  The Parties have propounded interrogatories, exchanged documents, and taken several depositions. Although the Parties have been diligently engaged in discovery, they require additional time to complete it. There remain several depositions to be conducted, including that of a subpoenaed third-party who thus far has failed to appear, and document discovery is also ongoing.

3.  Additional time to complete fact discovery will also aid the Parties in attempting to narrow or resolve discovery issues without seeking judicial intervention, though the Parties expressly reserve their rights if they are unable to do so.

4.  The Parties also require additional time in order to identify and retain their experts. The Parties' ability to do so is dependent, in part, on the information that they exchange in fact discovery, which, as noted above, is not yet complete.

5.  In addition, as the Court might be aware, Plaintiff has commenced a lawsuit in the Suffolk County Superior Court under M.G.L. c. 258D (the "State Action"), a statute that provides compensation to individuals who have been erroneously convicted. The State Action trial is scheduled to begin on October 1, 2007.

6.  The schedule proposed in the instant motion reflects the Parties' attempt to coordinate the schedules for this case and the State Action. There are several reasons for this coordination. First, most, if not all, of the experts who will testify in this case are likely to be the same as the experts that will testify in the State Action. Expert discovery in the State Action will likely occur in August and September 2007 and, thus, it is more efficient to coordinate expert depositions so that experts will not have to be deposed multiple times.

7.    In addition, Plaintiff's attorneys -- who practice in a three-lawyer law firm -- will be preparing for trial in the State Action during the month of September 2007. Accordingly, the schedule proposed by the Parties in the instant motion reflects the Parties' agreement that they will not impose any obligations on one another in this case in the month of September 2007, unless the Parties agree to do otherwise.

8.    Because all parties join in this motion, no party will be prejudiced by its allowance. In addition, the allowance of this motion will ensure, through full discovery, that the court has the facts necessary to render a just decision. Accordingly, the interests of justice and judicial economy will be served by the allowance of this motion.

9.    Defendants do not agree to postpone or continue the trial of this matter or to "follow" the trial of the State Action in the event that the trial of the State Action does not go forward as presently scheduled.

WHEREFORE, the Parties respectfully request that the Court grant the relief sought in this motion.

| | |
|---|---|
| Dated: February 22, 2007<br>Boston, MA | Respectfully Submitted, |
| DEFENDANTS, STANLEY BOGDAN<br>and THE CITY OF BOSTON,<br>By their attorney: | PLAINTIFF, ULYSSES R. CHARLES<br>By his attorneys: |
| /s/ Thomas R. Donohue<br>Thomas R. Donohue, Esq., BBO# 643483<br>Assistant Corporation Counsel<br>City of Boston Law Department<br>Room 615, City Hall<br>Boston, MA 02201<br>(617) 635-4039 | /s/ Mayeti Gametchu<br>Kevin J. O'Connor, BBO #555250<br>Mayeti Gametchu, BBO # 647787<br>Paragon Law Group<br>184 High Street<br>Boston, MA 02110<br>(617) 399-7950 |

0038-002-103534.doc