UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ULYSSES RODRIGUEZ CHARLES, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 04-10986-NG |
| CITY OF BOSTON, et al., | ) |
| Defendants. | ) |

**MOTION SEEKING ORDER COMPELLING
BETH ISRAEL DEACONESS MEDICAL CENTER, INC.
TO COMPLY WITH TESTIMONY AND DOCUMENT SUBPOENA**

Plaintiff Ulysses Rodriguez Charles hereby respectfully moves this Court to issue an order compelling Beth Israel Deaconess Medical Center, Inc. ("Beth Israel") to comply with the testimony and document subpoena directed to its Keeper of Records (the "Subpoena"), attached hereto at Exhibit 1.[1] A [Proposed] Order is attached hereto at Exhibit 2. As grounds for this motion, Mr. Charles state as follows:

1. Mr. Charles seeks to take a deposition of the Keeper of Records for Beth Israel, where the three women -- Karen, Valerie, and Shannon -- whose sexual assaults underlie Mr. Charles's now-vacated 1984 conviction were treated at and around the time of the assaults. In conjunction with this deposition, Mr. Charles also seeks to obtain the medical records of Karen, Valerie, and Shannon associated with their assaults.

2. As is clear from the Schedule A to the Subpoena, Mr. Charles's requests for documents relating to the women are narrowly tailored in terms of time (covering only

---

[1] The attached Subpoena has been redacted to remove patient names and identification numbers for purposes of this filing. The Subpoena that will be served on Beth Israel will, of course, include this information.

documents concerning communications between Beth Israel and the Boston Police Department concerning the women during the time period between the date of the sexual assaults and Mr. Charles's criminal trial) or subject matter (covering only (i) the women's medical records in connection with the December 1980 assaults, and (ii) documents concerning (a) communications between Beth Israel, on the one hand, and the Boston Police Department or the Office of the District Attorney, on the other hand, regarding the physical evidence gathered from the women or the cytology lab reports and (b) the disposition of the specimens associated with the cytology lab reports). In terms of tangible things, Mr. Charles requests only the actual vaginal specimens gathered from the women associated with the cytology lab reports.[2]

3. Prior attempts to subpoena Beth Israel for its deposition and records have been unsuccessful. Specifically, Beth Israel's Keeper of Record department has informed Plaintiff's counsel that it will not respond to a subpoena by Plaintiff without a court order.

4. Pursuant to the Privacy Standards promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), located at 45 C.F.R. § 164.512(e)(1)(i), a hospital may disclose otherwise protected health information in the course of any judicial proceeding provided that the hospital discloses only the information authorized by the court order. Similarly, where, as here, the patients are not parties to the proceeding as shown by the

---

[2] The Subpoena also includes three requests that do not relate to the women -- (i) a request for a random sampling of 10 medical records (other than for the women) reflecting Dr. Joel Batzofin's signature and other handwriting, (ii) a request for a random sampling of microfiche records generated in or about December 1980, and (iii) a request for a random sampling of 10 cytology reports in the form substantially similar to the Shannon, Valerie, and Karen's December 1980 cytology records. Mr. Charles requests these records because he is in possession of Beth Israel microfiche medical records, including cytology records, relevant to the examination of Karen, Valerie, and Shannon on the evening of the sexual assaults. Dr. Batzofin's signature and handwriting is on these records, as he was one of the examining physicians. Because the City of Boston has indicated that it will contest the authenticity of these records and Beth Israel has previously lost or refused to turn over its records, Mr. Charles anticipates needing alternative ways to demonstrate authenticity, including presenting expert handwriting and microfiche/document analysis testimony. In order to compare the records in his possession with those of Beth Israel, Mr. Charles requires samples of Beth Israel's records of Dr. Batzofin's handwriting and the hospital's microfiche and cytology records. As provided for in the Subpoena, the random sampling records can be redacted and/or produced pursuant to the protective order in order to safeguard protected health information and patient identities under HIPAA and Massachusetts law.

case caption appearing on the subpoena, Massachusetts law requires either patient authorization or a court order before the hospital may release the medical information. See, e.g., Alberts v. Devine, 395 Mass. 59, 68 (1985).

5. Mr. Charles requires a deposition of the Keeper of Records for Beth Israel so that he may authenticate certain Beth Israel medical records that he has in his possession, including Beth Israel records that have been produced by the Commonwealth of Massachusetts and/or the City of Boston demonstrating that sperm cells were detected on two of the women the night of the sexual assaults. Authentication of these records is critical for two reasons. First, after determining that Mr. Charles's blood type did not match the physical evidence at the crime-scene, the Commonwealth attempted to explain away that exculpatory evidence by arguing forcefully at the criminal trial that the assailant did not ejaculate and that the physical evidence at the crime scene was not attributable to him.[3] The women's medical records refute this contention. Second, the City of Boston has indicated that it plans to challenge the authenticity of some or all of the Beth Israel medical records that Mr. Charles has within his possession. Thus, Beth Israel's deposition and records are required to establish authenticity.

6. Additionally, the records that Mr. Charles seeks will help clarify what physical materials or information concerning the sexual assaults and attendant treatment of the women Beth Israel provided to the authorities. This, in turn, will aid Mr. Charles in establishing that certain exculpatory evidence was not properly turned over to him and/or preserved, as required by law.

7. Finally, on February 17, 2006, the Court granted Defendants' motion for a protective order in this case "with respect to the identities and confidential medical information

---

[3] Prior to its awareness that Mr. Charles's blood type was not a match, the Commonwealth took the contrary position that the physical evidence at the crime scene may have been left there by the assailant.

3

of the rape victims." See Paper #50. Thus, whatever information or materials Beth Israel provides will be produced pursuant to this protective order. See, e.g., 45 C.F.R. § 164.512 (permitting hospitals to respond to subpoenas for protected health information provided that they receive "satisfactory assurance" that reasonable efforts have been made to secure a qualified protective order).

WHEREFORE, Mr. Charles respectfully requests that the Court grant the relief requested herein and issue an Order compelling Beth Israel to comply with the Subpoena in the form of the [Proposed] Order attached hereto at Exhibit 2.

Dated: May 24, 2007

Respectfully Submitted,

/s/ Mayeti Gametchu
Kevin J. O'Connor (BBO# 555250)
Mayeti Gametchu (BBO# 647787)
PARAGON LAW GROUP, LLP
184 High Street
Boston, MA 02110
(617) 399-7950

Attorneys for Plaintiff
ULYSSES RODRIGUEZ CHARLES

**CERTIFICATE OF CONFERRAL PURSUANT TO L.R.7.1(a)(2)**

I, Mayeti Gametchu, hereby certify that on May 10, 2007, I conferred with, Thomas Donohue, counsel for Defendants, in good faith and informed him of Plaintiff's intent to seek an order compelling third-party Beth Israel to comply with the Subpoena. Because the issue before the Court pertains to a third-party subpoena to which Defendants have not objected, there were no issues to narrow or resolve between the parties.

**CERTIFICATE OF SERVICE**

I, Mayeti Gametchu, hereby certify that on May 24, 2007, I served a true and accurate copy of the forgoing document electronically to the registered participants of the ECF system, as identified on the Notice of Electronic Filing (NEF), by filing it through the ECF system, and by first class mail to those persons indicated as non-registered participants.

/s/ Mayeti Gametchu

0038-002-103728.doc