**Issued by the**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ULYSSES RODRIGUEZ CHARLES,<br><br>                    Plaintiff,<br>v.<br><br>CITY OF BOSTON, et al.,<br><br>                    Defendants. | C.A. No. 04-10986-NG |

**SUBPOENA *AD TESTIFICANDUM* AND *DUCES TECUM***

TO:   Keeper of Records, Health Information Management Dept.
      Beth Israel Deaconess Medical Center, Inc.
      Carl J. Shapiro Building, CC010
      330 Brookline Avenue
      Boston, MA 02215

GREETINGS:

YOU ARE HEREBY COMMANDED, in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure, to appear and testify at the taking of a deposition in the above-captioned case, at the offices of Wolf, Block, Schorr and Solis-Cohen LLP, One Boston Place, Boston, MA 02108 (phone: 617-226-4000) on **June 14, 2007** beginning at 10:00 a.m.

YOU ARE FURTHER REQUIRED to produce to Kevin J. O'Connor and Mayeti Gametchu at Paragon Law Group, LLP, 184 High Street, Boston, MA 02110, and to permit inspection and copying of, the documents and objects identified on the attached Schedule A on or before **May 31, 2007**.

FAILURE to appear according to the command of this subpoena may subject you to a penalty, damages, in a civil suit and punishment for contempt of Court.

DATED: May 24, 2007  
Boston, Massachusetts

                             _____  
                             Kevin J. O'Connor (BBO# 555250)  
                             Mayeti Gametchu (BBO# 647787)  
                             John Pagliaro (BBO# 634483)  
                             PARAGON LAW GROUP, LLP  
                             184 High Street  
                             Boston, MA 02110  
                             Tel. (617) 399-7950

                             ATTORNEYS FOR PLAINTIFF

                             ULYSSES RODRIGUEZ CHARLES

## Federal Rule of Civil Procedure 45, Parts C & D

(c) Protection of Persons Subject to Subpoenas.

  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

  (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i) fails to allow reasonable time for compliance;

    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

    (iv) subjects a person to undue burden.

(B) If a subpoena
   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.
  (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**SCHEDULE A**

**Definitions**

The terms used in the document requests contained on this Schedule have the meanings given below:

"Communications," "concerning," and "document" shall have the meanings assigned to them by Local Rule 26.5 of the U.S. District Court for the District of Massachusetts. These meanings are set forth as follows:

"Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

"Concerning" means referring to, describing, evidencing, or constituting.

"Document" includes writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form.

**Requests for Documents**

1. All documents, **whether in medical records files or in any other file**, concerning the treatment or examination of Karen [REDACTED] (patient number [REDACTED]), Valerie [REDACTED] (patient number [REDACTED]), or Shannon [REDACTED] (patient number [REDACTED]) in December 1980 and/or in any way related to the December 1980 sexual assaults of Karen [REDACTED], Valerie [REDACTED], or Shannon [REDACTED].

2. All documents, **whether in medical records files or in any other file**, concerning physical evidence gathered from Karen [REDACTED] (patient number [REDACTED]), Valerie [REDACTED] (patient number [REDACTED]), or Shannon [REDACTED] (patient number [REDACTED]) in December 1980 and/or in any way related to the December 1980 sexual assaults of Karen [REDACTED], Valerie [REDACTED], or Shannon [REDACTED], including, without limitation, swabs, specimens, or any indication of seminal fluid.

3. All microfiche and printouts of microfiche reflecting the treatment or examination of Karen [REDACTED] (patient number [REDACTED]), Valerie [REDACTED] (patient number [REDACTED]), or Shannon [REDACTED] (patient number [REDACTED]) generated in December 1980 and/or in connection with, or in any way related to, the December 1980 sexual assaults of Karen [REDACTED], Valerie [REDACTED], or Shannon [REDACTED].

4. The December 1980 cytology lab records for Karen [REDACTED] (Lab No. P80-

11699; patient number [REDACTED]) and Shannon [REDACTED] (Lab No. P80-11698; patient number [REDACTED]).

5. The December 1980 cytology lab records for Valerie [REDACTED].

6. All documents concerning the cytology lab records referenced in Document Request Nos. 4 and 5.

7. All documents concerning the destruction or other disposition of the specimens associated with the cytology lab requests referenced in Document Request Nos. 4 and 5.

8. All documents, **whether in medical records files or in any other file**, concerning any communications between Beth Israel Hospital and the Boston Police Department concerning patients Karen [REDACTED] (patient number [REDACTED]), Valerie [REDACTED] (patient number [REDACTED]), or Shannon [REDACTED] (patient number [REDACTED]), from December 1980 to February 1984, inclusive.

9. All documents, **whether in medical records files or in any other file**, concerning any communications between Beth Israel Hospital and the Boston Police Department concerning physical evidence gathered in December 1980 from Karen [REDACTED] (patient number [REDACTED]), Valerie [REDACTED] (patient number [REDACTED]), or Shannon [REDACTED] (patient number [REDACTED]), including, without limitation, concerning swabs, specimens, or any indication of seminal fluid.

10. All documents, **whether in medical records files or in any other file**, concerning any communications between Beth Israel Hospital and the Boston Police Department concerning the disposition or destruction of physical evidence gathered in December 1980 from Karen [REDACTED] (patient number [REDACTED]), Valerie [REDACTED] (patient number [REDACTED]), or Shannon [REDACTED] (patient number [REDACTED]), including, without limitation, concerning the disposition or destruction of swabs, specimens, or any indication of seminal fluid.

11. All documents, **whether in medical records files or in any other file**, concerning any communications between Beth Israel Hospital and the Office of the District Attorney for the Suffolk County concerning physical evidence gathered in December 1980 from Karen [REDACTED] (patient number [REDACTED]), Valerie [REDACTED] (patient number [REDACTED]), or Shannon [REDACTED] (patient number [REDACTED]), including, without limitation, concerning swabs, specimens, or any indication of seminal fluid.

12. All documents, **whether in medical records files or in any other file**, concerning any communications between Beth Israel Hospital and the Boston Police Department concerning the December 1980 cytology lab requests nos. P80-11699 for Karen [REDACTED] (patient number [REDACTED]) and

5

    P80-11698 for Shannon [REDACTED] (patient number [REDACTED]).

13. A random sampling of 10 medical records other than for Karen [REDACTED], Valerie [REDACTED], or Shannon [REDACTED] (with protected health information and patient names redacted) generated in 1980 and reflecting Dr. Joel Batzofin's signature and other handwriting.

14. A random sampling of 10 microfiche records (to be produced pursuant to the Court's protective order) generated in or about December 1980.

15. A random sampling of 10 cytology lab records generated in or about December 1980 in substantially the same form as attached hereto at Exhibit A.

### Requests for Things

1. The actual vaginal specimens gathered on or about December 8, 1980 from Karen [REDACTED] (patient number [REDACTED]) and Shannon [REDACTED] (patient number [REDACTED]) and associated with cytology lab records for Karen [REDACTED] (Lab No. P80-11699) and Shannon [REDACTED] (Lab No. P80-11698).