UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ULYSSES RODRIGUEZ CHARLES,<br>　　　　Plaintiff<br>v.<br>CITY OF BOSTON, et al.,<br>　　　　Defendants | C.A. No. 1:04-cv-10986-NG |

**MOTION IN LIMINE TO EXCLUDE
FINDINGS OF SUFFOLK COUNTY JURY
ON PLAINTIFF'S c. 258(D) CLAIM**

**And**

**TO EXCLUDE FINDINGS OF SUFFOLK SUPERIOR COURT
ORDER GRANTING MOTION FOR A NEW TRIAL**

Now come the Defendants, Stanley Bogdan and the City of Boston, and move to exclude from the trial of this action the following: (1) the results of the 2009 trial brought by Plaintiff Ulysses Rodriguez Charles against the Commonwealth of Massachusetts, pursuant to G.L. c. 258 (D) (hereafter "258D" case), and (2) the May 11, 2001 findings of the Superior Court, allowing Plaintiff's motion for a new trial.

As grounds therefor, the Defendants state that the issues before the Suffolk Superior Court in both matters involve claims made with regard to newly discovered evidence, specifically DNA testing, which was not available in 1980 (when the rapes occurred) or in 1984 (when Plaintiff was tried and convicted); involved claims of prosecutorial misconduct wholly unrelated to the Defendants in this case, specifically, the withholding of a statement by one victim, allegedly made to the trial prosecutor, that her assailant may not have been circumcised; alleged misleading stipulations regarding

medical records and medical witness testimony proposed by the trial prosecutor to the defense counsel; and inaction by the defense counsel with regard to allegedly improper line-up procedures performed by the trial prosecutor. None of the foregoing allegations of misconduct are attributable to either the City of Boston or retired criminologist Stanley Bogdan; further, there is no claim brought against either Defendant with regard to the foregoing.

This case, brought pursuant to 42 U.S.C. § 1983, concerns whether Defendant Bogdan withheld (or destroyed) exculpatory evidence during his examination of forensic materials recovered from the scene of the 1980 rapes, and whether the Boston Police had a custom, policy or practice of permitting such inadequate investigation[1]. These issues are clearly separable from the reasons cited by the Superior Court in its decision to allow the Motion for New Trial (wherein the Court referred specifically to the newly discovered DNA evidence and the notes discovered in the prosecutor's trial file) and which formed the basis of much testimony in the 258D trials.

Whether Defendant Bogdan committed the acts alleged by the Plaintiff, and whether the City tolerated a custom, policy or practice of condoning such is the ultimate issue to be made by this jury at trial based upon their assessment of the credibility of the witnesses who testify, and their assessment of the documentary evidence admitted at this trial. The state court results, focusing as they do on the conduct of other actors and agencies, are excludable as they are hearsay; the probative value of those results are negligible, as they do not speak to the ultimate issues concerning these defendants, and

---

[1] Defendant City of Boston refers the Court to its additional Motion in Limine seeking exclusion of claims that any deceased or non-party officer engaged in improper eyewitness interview procedures or coaching, as there is no competent evidence to support such a claim.

the prejudicial impact substantially outweighs any possible value the results could have; and would likely mislead and confuse this jury. For these reasons, the state court findings should be excluded.

## **ARGUMENT**

**1.      Expert Testimony As To Principles of Law Is Inadmissible.**

The Superior Court's decision to grant a Motion for a New Trial rests upon the Court's conclusion that the newly discovered evidence (DNA and trial prosecutor's notes) constitute materials which may tend to exculpate him from the crime for which he was convicted. The Court's opinion – resolving issues of fact and law – is not admissible in the action against these Defendants because, *inter alia*, it may be received as an expert opinion regarding these Defendants' liability in the case at bar.

The First Circuit has joined seven other circuit courts in concluding that parties may not offer expert testimony on the legal principles at issue at trial. Nieves-Villanueva, et al., v. Soto-Rivera, et al., 133 F.3d 92 (1st Cir. 1997). In Nieves-Villanueva, a case involving claims of First Amendment and employment law violations, defendants offered testimony of an expert who testified as to the holdings of various cases of the Supreme Court of Puerto Rico and the First Circuit, and opined as to the lawfulness of the actions taken by the defendant employers. The First Circuit held that "[i]n our legal system, purely legal questions and instructions to the jury on the law to be applied to the resolution of the dispute before them is exclusively the domain of the judge. … The danger is that the jury may think that the "expert" in the particular branch of the law knows more than the judge – surely an impermissible inference in our system of law. Id., 133 F.3d at 99.

While the Court conceded that in certain cases, issues may be complex and it may be difficult to separate the line between questions of law and those of fact, the case at bar presented questions that are routinely before the federal courts and did not involve sophisticated or obscure questions such that the trial court required additional assistance (such as cases involving foreign law).  In a footnote, the Court observed that "for similar reasons, the question of whether a legal rule has been clearly established, in the context of a qualified immunity defense to a § 1983 action, is a question decided by the court, and not the jury … the jury's role was only to decide what facts were known to the officer … not whether, in light of those facts, the officer's conduct was reasonable under the applicable legal standard …"  Id, 133 F.3d 92, 100 at n. 11.

Thus, to the extent that the Plaintiff argues that the opinions of the Superior Court are expert conclusions, speaking to the issue of whether Plaintiff was denied a fair trial, those opinions should be excluded because they usurp the authority of this Court to instruct the jury on the law of the case, and because there is no exceptionally complex issue presented that requires expert instruction for this jury beyond that contained in this Court's jury instructions.

**2.     The Newly Discovered Evidence Is Not Admissible To Prove The Misconduct Alleged Against These Defendants.**

It is undisputed that the forensic use of DNA testing in rape and other criminal investigations did not become accepted by the Massachusetts courts until 1997 - seventeen years after the crimes at issue in this case occurred.  See Comm. v. Vao Sok, 425 Mass. 787, 799-802 (1997).  Since that time, of course, DNA has been widely heralded as the gold standard for forensic science, and due to the popularity of "forensic crime" shows like CSI,  is likely widely recognized by the potential jury pool (although

the details of the science, its limitations, and its unavailability until relatively recently as a reliable scientific tool are just as likely not understood by most lay persons).

In 1980, the Boston Police Crime Lab did not have the ability to perform DNA testing. It did have the ability to perform tests to identify acid phosphatase, an enzyme found in human semen and other human bodily fluids, and this test was performed on the evidence recovered from the crime scene. In addition, the materials tested (bedsheet and robe) were submitted to the FBI Laboratory in Washington, D.C., for additional forensic testing for phospoglucomutase (PMG) (an enzyme found in human semen), which was testing beyond the then abilities of the BPD Crime Lab. The FBI results were inconclusive. Finally, prior to trial, on January 12, 1984, the materials were submitted to the Serological Research Institute (or "SERi") for advanced serological testing for the presence of semen: Prostatic Antigen (or P-30). Again, this testing was not available to the BPD Crime Lab. SERi reported an inconclusive result for semen, and additionally reported a negative result (after microscopic examination) for the presence of sperm.

The jury in this case will be presented with the evidence concerning the forensic testing available both within the BPD Crime Lab in the relevant time period of the rapes and prosecution of the Plaintiff, as well as with evidence concerning the scientific capabilities available to forensic crime labs on a local and national level. Allowing this jury to hear evidence of DNA testing, which, it is undisputed, was not in use in any lab at the time, would needlessly (and prejudicially) confuse the issues in this case.

3. **Plaintiff Should Be Precluded From Asserting His Actual Innocence At This Trial.**

For substantially the same reasons set forth in Section 2, above, the Plaintiff should be precluded from asserting that he is actually innocent of the crimes for which he had been convicted.

Plaintiff's claim against the Commonwealth for reimbursement under G.L. c. 258D proceeded with heavy reliance upon the results of the DNA results obtained in 1999, and upon the alleged misconduct of the trial prosecutor (in allegedly withholding statements of a victim concerning her perception of the rapist, and in allegedly withholding or presenting in misleading fashion the information contained in medical reports of the victims). These issues are wholly separable from the claims of liability pressed against the City and Defendant Bogdan.

Further, if the Plaintiff were to be permitted to assert actual innocence based upon these factors – which were outside the control of the named Defendants – the Defendants should be permitted to disprove Plaintiff's claims of innocence. At a minimum, the issue should be reserved for an assessment of damages, and only presented to this jury in the event that they conclude the named Defendants are liable for violating Plaintiff's rights to a fair trial.

## CONCLUSION

For the reasons stated herein, Defendants request that the Court rule *in limine* that the result of the 258D trial, and the opinion of the Superior Court regarding Plaintiff's Motion for a New Trial, are excluded from the evidence in this case, and may not be the subject of question or comment by Plaintiff at trial.

Respectfully submitted,

Defendants
STANLEY BOGDAN and
THE CITY OF BOSTON,

By their attorneys,

  /s/ Mary Jo Harris
Mary Jo Harris (BBO 561484)
Morgan, Brown & Joy LLP
200 State Street
Boston, MA 02109
(617) 523-6666
mharris@morganbrown.com

Dated:  November 18, 2009

CERTIFICATE OF SERVICE

I, Mary Jo Harris, hereby certify that I have served a copy of the foregoing on all counsel of record by hand delivery on November 17, 2009 and by filing same via the ECF Pacer system this 18th day of November 2009.

  /s/ Mary Jo Harris