UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ULYSSES RODRIGUEZ CHARLES,<br>           Plaintiff<br>v.<br>CITY OF BOSTON, et al.,<br>           Defendants | C.A. No. 1:04-cv-10986-NG |

## MOTION IN LIMINE TO EXCLUDE ARGUMENT AND EVIDENCE REGARDING ALLEGATIONS THAT DEFENDANT BOGDAN DESTROYED EVIDENCE

To the extent to which the Plaintiff has alleged that the Defendant, Stanley Bogdan, destroyed certain evidence from the crime scene of the December 8, 1980 rapes (to wit, clothing and two cardboard boxes collected from the crime scene, which Bogdan reported had no evidentiary value; see Plaintiff's Opposition to the Defendant's Motion for Summary Judgment, at Section 3, and Supplemental Exhibits 3 and 18), the Defendant now moves *in limine* that the Court exclude any argument or presentation of evidence regarding the alleged destruction.

First, the Plaintiff's complaint is bereft of any claim that Bogdan violated his constitutional rights by destroying the evidence described.

Second, Bogdan wrote two reports detailing the evidence reviewed (see Plaintiff's Supplemental Exhibits 3 and 18), thus his analysis and disposal of the evidence was known to Plaintiff and his counsel at the time of trial.

Third, according to the Supreme Court's jurisprudence with regard to police failure to preserve evidence, Bogdan may only be found liable if the evidence at issue meets the standard of constitutional materiality – that is, the evidence must "possess an

exdculpatory value that was apparent before the evidence was destroyed…" California v. Trombetta, 467 U.S. 479, 488-89 (1984).

In Arizona v. Youngblood, 488 U.S. 51, decided by the Supreme Court in 1988, the Court considered the police's failure to preserve blood and semen samples taken from a rape victim. A police criminologist had conducted an initial review of the samples (as was done here), but the state failed to preserve the samples so that the defendant could conduct his own tests. The Court refused to find "an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution." Id., p. 57. Instead, the Court held that the plaintiff must show bad faith on the part of the police (in failing to preserve the evidence) in order to demonstrate his constitutional rights were violated; further, the Court held that "the possibility that the semen samples could have exculpated respondent if preserved or tested is not enough to satisfy the standard of constitutional materiality" set forth in the Trombetta decision – rather, the plaintiff was obliged to show that the police knew the semen samples would have exculpated him when they failed to perform certain tests or to refrigerate the samples. "The presence or absence of bad faith by the police for purposes of the Due Process Clause must necessarily turn on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." Id., p. 56, n. 1. See also Olszewski, III v. Spencer, 466 F.3d 47 (1st Cir. 2006) (in habeas petition, discussing Youngblood).

Here, there is no evidence to suggest that Defendant Bogdan destroyed or failed to preserve evidence with the knowledge that the evidence was of exculpatory value – with regard to the clothing and the cardboard boxes, his reports set forth that nothing of value was gleaned from them when analyzed. With regard to the samples taken by the hospital

treating the victims following their assault, there is simply no evidence that Defendant Bogdan ever had any knowledge of that material whatsoever (much less possession of it, or a bad faith intent to destroy it).  In fact, the only evidence in this case suggests that when Defendant Bogdan had possession of evidence he suspected had forensic value, he performed whatever testing the BPD Crime Lab was capable of, submitted it to external analysis by more fully equipped laboratories, documented his results, and preserved the samples.

In the absence of any evidence to suggest either bad faith or knowledge that the evidence disposed of had any forensic value, Plaintiff should not be permitted to imply that Defendant Bogdan committed misconduct when he disposed of the evidence in question.

                                                   Respectfully submitted,

                                                 Defendants
                                                 STANLEY BOGDAN and
                                                 THE CITY OF BOSTON,

                                               By their attorneys,

                                                /s/ Mary Jo Harris
                                               Mary Jo Harris (BBO 561484)
                                               Morgan, Brown & Joy LLP
                                               200 State Street
                                               Boston, MA 02109
                                               (617) 523-6666
                                               mharris@morganbrown.com

Dated:  November 18, 2009

CERTIFICATE OF SERVICE

I, Mary Jo Harris, hereby certify that I have served a copy of the foregoing on all counsel of record by hand, on November 17, 2009 and by filing same via the ECF Pacer system this 18th day of October, 2009.

                                                 /s/ Mary Jo Harris