UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ULYSSES RODRIGUEZ CHARLES,<br>        Plaintiff<br>v.<br>CITY OF BOSTON, et al.,<br>        Defendants | C.A. No. 1:04-cv-10986-NG |

## DEFENDANTS CITY OF BOSTON AND STANLEY BOGDAN'S RESPONSE TO COURT ORDER DATED NOVEMBER 13, 2009

By order dated November 13, 2009, the Court directed the parties to clarify the status of deceased or absent defendants John Mulligan, William Keough, Paul Rufo and Kathleen Hanley Johnson.

In response, the Defendants report that the four named individuals have not been served in this action (nor, in relation to Mulligan, Keough and Rufo, have their estates been served).  Mulligan was deceased on September 28, 1993 (see Comm. v. Patterson, 432 Mass. 767, Comm. v. Ellis, 432 Mass. 746 (1995)).  On information and belief, Keough and Rufo are also deceased. The City and Bogdan have no personal knowledge regarding the estates of the three former officers.  Also on information and belief, Kathleen Hanley Johnson is retired from the Boston Police Department and resides out of state.

Fed.R.Civ.P. Rule 4(m) requires service of a summons and complaint to be made upon a named defendant within 120 days of filing the complaint with the court.  Failure to effect service within this time period requires the Court to dismiss the action without prejudice against that defendant or order that service be made within a specified time, if

the plaintiff can show good cause for his failure to make timely service within the limit set by the rules.

Ordinarily, the discretion to allow an extension of time within which to make service is narrowly granted to protect only those litigants who have exercised meticulous care in attempting to complete service.  See Despain v. Salt Lake City Metro Gang Unit, 13 F.3d 1436 (10th Cir. 1994).  When a plaintiff proceeds against an agent of the government in his or her individual capacity, it is not sufficient to serve the agent's employer; he must also effect personal service as provided in the rule.  Id.  See also, Zapata v. City of New York 502 F.3d 192 (2nd Cir. 2007) *cert. den.* 128 S.Ct. 1483 (2008) (no abuse of discretion in dismissing case where corrections officer was not served; fact that case was then time-barred did not outweigh plaintiff's failure to show good cause);  Bogle-Assegai v. Connecticut, 470 F.3d 498, (2nd Cir. 2007), *cert. den.* 128 S.Ct. 1121 (2008) (service on state not equivalent to service on individual officer).

Because the Plaintiff has failed to effect service on any of the four individuals listed, the Court should dismiss the claims brought against them.

                                      Respectfully submitted,

                                      Defendants
                                      STANLEY BOGDAN and
                                      THE CITY OF BOSTON,

                                      By their attorneys,

                                        /s/ Mary Jo Harris
                                      Mary Jo Harris (BBO 561484)
                                      Morgan, Brown & Joy LLP
                                      200 State Street
                                      Boston, MA 02109
                                      (617) 523-6666
                                      mharris@morganbrown.com

Dated:  November 18, 2009

## CERTIFICATE OF SERVICE

      I, Mary Jo Harris, hereby certify that I have served a copy of the foregoing on all counsel of record by hand delivery on November 17, 2009, and by filing same via the ECF Pacer system this 18th day of November, 2009.

                                                            /s/ Mary Jo Harris